**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**MICHAEL DIONE KERR**                                                                                    **PETITIONER**
Reg # 15244-180

VS.                                      NO. 2:09CV00020-SWW-BD

**T.C. OUTLAW, Warden,**
**Federal Correctional Complex,**
**Forrest City, Arkansas**                                                                                 **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.      Procedure for Filing Objections**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date you receive the Recommended Disposition.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II.** **Background**

Petitioner Michael Dione Kerr is currently serving a one hundred month sentence in the Bureau of Prisons ("BOP"). Petitioner was arrested on April 3, 2001, in Austin, Texas by the Austin, Texas police department. At the time of Petitioner's arrest, there was an outstanding bench warrant for Petitioner from the United States District Court for the Western District of Texas, Austin Division.

On August 20, 2001, federal authorities obtained temporary custody of Petitioner from Texas state authorities pursuant to a *writ of habeas corpus prosequendum*. On October 4, 2001, Petitioner appeared in the United States District Court for the Western District of Texas and entered a plea of guilty to the offense of felon in possession of a firearm. (#15-2 at p. 13) On November 30, 2001, the Court held a sentencing hearing and imposed a sentence of one hundred months in the BOP followed by a three-year term of supervised release. The Court did not order Petitioner's federal sentence to run concurrent with any other sentence.

At Petitioner's sentencing hearing, the Court noted that Petitioner would "probably not get credit" for time he had served since April, 2001, because he was appearing pursuant to a *writ of habeas corpus prosequendum*. (#19-2 at p. 53) The Court stated

that by imposing a sentence in the middle of the guideline range, when Petitioner was eligible for an upward departure, he was giving him "credit on that." (#19-2 at p. 53)  On December 3, 2001, federal authorities returned Petitioner to the state authorities.

On February 2, 2002, the District Court of Travis Count, Texas entered judgment against Petitioner after a plea of guilty to possession of a controlled substance.  The court sentenced Petitioner to two years in a state jail facility to "run concurrent with other sentences imposed on the defendant." (#15-2 at p. 19)  Petitioner was given credit for time served from "April 4, 2001 through February 11, 2002." (#15-2 at p. 19)

On February 11, 2002, the same state court entered a judgment after Petitioner entered a plea of guilty to one count of family violence assault.  The court sentenced Petitioner to four years in the Texas Department of Correction and again noted the sentence was to "run concurrent with other sentences imposed on the defendant." (#15-2 at p. 20)  The court gave Petitioner credit toward the sentence for time served from January 9, 2001 through January 10, 2001, February 5, 2001 through February 5, 2002, and April 4, 2001 through February 11, 2002. (#15-2 at p. 20)

On February 4, 2005, Petitioner was discharged from his state sentences and was released to federal custody. (#15-2 at p. 8, 22)  The BOP awarded Petitioner twelve days of credit toward his federal sentence. (#15-2 at p. 8)

3

Through the BOP's administrative process, the Petitioner requested credit on his federal sentence for the time he spent in the custody of the State of Texas. The BOP construed his request as one for *nunc pro tunc* designation of the Texas Department of Correction for service of his federal sentence from February 11, 2002, the day he received his state sentences, through February 3, 2005, the day prior to his release to federal custody. The BOP sent a letter to the federal sentencing judge requesting his position on *nunc pro tunc* designation. (#15-2 at p. 38) The sentencing judge responded with a letter to the BOP stating that he "took into consideration that he [Petitioner] had been and would be in state custody" when he "gave him a sentence of 100 months." (#15-2 at p. 41) The Court went on to state that he did not "recommend any reduction in Mr. Kerr's sentence." (#15-2 at p. 41)

Petitioner brings this habeas petition under 28 U.S.C. § 2241, challenging the manner in which Respondent is executing his sentence.[1] Specifically, Petitioner claims that Respondent should compute his sentence so as to give him credit for time served from April 4, 2001 through February 3, 2005, during which he contends he was in federal custody. (#2 at p. 5)

---

[1] From the documents provided by the parties, it appears that Petitioner has fully exhausted his administrative remedies.

Respondent argues that it has appropriately calculated Petitioner's sentence and asks the Court to dismiss the petition with prejudice. For the reasons that follow, the Court recommends that the District Court dismiss the petition with prejudice.

## III. Sentence Credit

Whether a prisoner who committed a federal offense receives credit for time spent in custody is governed by 18 U.S.C. § 3585. *Kendrick v. Carlson*, 995 F.2d 1440, 1444 n. 3 (8th Cir. 1993). The statute provides:

> Calculation of term of imprisonment
>
> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has *not been credited against another sentence*.

18 U.S.C. § 3585 (emphasis added). The Attorney General, through the BOP, has the authority to award credit under section 3585(b) for time served. *United States v. Wilson*, 503 U.S. 329, 333-36, 112 S.Ct. 1351 (1992).

5

Authorities for the State of Texas awarded Petitioner credit toward his state sentences for the time he served from April 4, 2001 through February 3, 2005. Because Petitioner already received credit for this time toward his state sentences, under the applicable statute he cannot receive credit toward his federal sentence for the same time served. See *United States v. Wilson*, 503 U.S. at 337 (in enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time"); see also *Potwin v. Sanders*, 231 Fed. Appx. 538, 539 (8th Cir. 2007) (unpub.) (federal inmate not entitled to credit where "time at issue had been credited by the State of Texas to his state parole-violation sentence and may not be double counted"); *United States v. Kramer*, 12 F.3d 130, 132 (8th Cir. 1993) (federal defendant not entitled to credit for time spent in state custody where he received credit against his state sentence for that period). Consequently, Petitioner is not entitled to any credit toward his federal sentence for the time served on his Texas sentences from April 4, 2001 through February 3, 2005.

Petitioner also claims he is entitled to credit for time he served on his Texas sentences because after April 3, 2001, he was in "exclusive federal custody." Petitioner misunderstands his status. Petitioner was transferred to temporary custody on August 20, 2001, under a writ of habeas corpus *ad prosequendum* until December 3, 2001, when federal authorities returned Petitioner to state authorities. A writ of habeas corpus *ad prosequendum* does not alter a prisoner's custody status, but merely changes the location of the custody. *Munz v. Michael*, 28 F.3d 795, 798 (8th Cir. 1994). Consequently,

Petitioner remained in the primary custody of the Texas Department of Correction, and the time served was properly credited toward his state sentences, and not toward his federal sentence, until he was released to the custody of the BOP on February 4, 2005. *Baker v. Tippy*, No. 99-2841, 230 F.3d 1362 (8th Cir. 2000) (unpub. table op.) (federal defendant not entitled to additional credit against federal sentence for time served between date he was transferred via writ of habeas corpus *ad prosequendum* from state to federal custody to face federal charges on a federal offense, and the date his state sentence expired).

Finally, Petitioner claims that by specifying that his sentence would run concurrent with other sentences imposed, the state court awarded him credit toward his federal sentence for all of the time served on his state sentences. The state court does not have authority to give Petitioner credit toward his federal sentence. Only the Attorney General, through the BOP, has the authority to award credit under section 3585(b) for time served. *United States v. Wilson*, 503 U.S. 329, 333-36, 112 S.Ct. 1351 (1992).

Moreover, although the state court stated that it intended for his state sentences to run concurrently with "other sentences imposed" (#15-2 at pp. 19-20), the District Court did not specify that Petitioner's federal sentence would run concurrently with any sentence. As set forth above, the BOP sent a letter to the sentencing court seeking clarification as to the court's position on retroactive designation of a state institution for service of Petitioner's 100-month federal sentence. (#15-2 at p. 38) The court replied

7

that it took into consideration the time Petitioner spent in state custody when it sentenced Petitioner and did not "recommend any reduction in Mr. Kerr's sentence." (#15-2)

BOP program statement 5160.05 outlines the procedures the BOP follows to determine whether it will designate a state facility for service of a federal sentence. (#15-2 at pp. 24-36) In this case, the BOP determined Petitioner should not be allowed credit against his federal sentence for time he spent in state custody based on three factors: (1) the nature and circumstances of his offense; (2) the history and characteristics of Petitioner; and (3) the District Court's statement opposing a reduction to Petitioner's sentence.

## IV.  Conclusion

Petitioner's challenge to the Respondent's computation of his federal sentence is without merit. Accordingly, the Court recommends that the District Court dismiss Michael Dione Kerr's petition for writ of habeas corpus and amended petition for writ of habeas corpus in their entirety, with prejudice.

IT IS SO ORDERED this 12th day of February, 2010.

_____
UNITED STATES MAGISTRATE JUDGE